976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Michael A. LAU, Petitioner,
v.
UNITED STATES of AMERICA, Respondent.
 No. 92-1048.
 United States Court of Appeals,
First Circuit.
 Sept. 30, 1992
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 Michael A. Lau on brief pro se.
 Daniel F. Lopez Romo, United States Attorney, and Antonio R. Bazan, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Petitioner Michael Lau appeals from the denial of his motion under 28 U.S.C. § 2255 for post-conviction relief. He alleges that his attorney rendered ineffective assistance by arguing a motion to suppress evidence in a deficient manner, and thereafter failing to raise the issue on appeal. We disagree, and therefore affirm.
 
 
 2
 One portion of the suppression motion at issue here challenged the legality of a warrantless search of petitioner's apartment in the Netherlands Antilles, a search conducted by Dutch authorities with the participation of DEA agents. The general rule is that searches conducted by foreign officials are not subject to the Fourth Amendment and the exclusionary rule. See, e.g., United States v. Janis, 428 U.S. 433, 456 n.31 (1976). There are two well-established exceptions to this rule: (1) where the conduct of foreign police shocks the judicial conscience; and (2) where American officers participated in the foreign search, or the foreign officers acted as agents for their American counterparts, thereby rendering the search a joint venture. See, e.g., United States v. Mitro, 880 F.2d 1480, 1482 (1st Cir. 1989); United States v. Hensel, 699 F.2d 18, 25 (1st Cir.), cert. denied, 461 U.S. 958 (1983). Petitioner claims that his counsel failed to recognize, and to argue to the court, that the latter exception governed the search and seizure here.
 
 
 3
 Having reviewed the record in some detail, we cannot agree that counsel's performance in prosecuting the motion to suppress fell below an "objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). We find no support for the suggestion that counsel was unaware of the "joint venture" exception. Petitioner makes much of the fact that counsel acknowledged not having read Stonehill v. United States, 405 F.2d 738 (9th Cir. 1968), cert. denied, 395 U.S. 960 (1969), one of the central cases addressing this issue. Yet this proves little; that opinion, issued fifteen years earlier by another Circuit, was only one of various decisions on the subject. (And, we might note, the court there upheld the denial of a suppression motion.) More to the point, most of counsel's questioning focused on this very issue-i.e., the extent to which the DEA agents participated in the search and in the selection of items to be seized. And in his argument to the court, counsel made specific reference to the Dutch authorities having conducted the search "at the direction, or at the request, or at the insistence of the DEA or Customs agents," and to their having acted as "agents" for the United States government. As we read it, counsel was thereby directly invoking the "joint venture" exception.
 
 
 4
 To be sure, counsel might have pressed the issue with greater vigor. Yet to the extent oral argument was truncated, that largely occurred at the behest of the district court, which manifested both a familiarity with the governing legal principles and a readiness to make a ruling. There can be little doubt that the court was cognizant of counsel's position on the matter. Under these circumstances, where the pertinent factual and legal issues both received an adequate airing, it cannot be said that counsel's performance rendered the hearing something less than a "reliable adversarial testing process." Strickland, 466 U.S. at 688.
 
 
 5
 Nor do we think that counsel acted unreasonably in declining to raise the Fourth Amendment issue on appeal. As evidenced by this court's opinion in the direct appeal, United States v. Lau, 828 F.2d 871 (1st Cir. 1987), cert. denied, 486 U.S. 1005 (1988), counsel had a number of potentially viable issues to raise. Petitioner has done little to overcome the "strong presumption" that the decision to abandon the Fourth Amendment claim in favor of these other issues was "sound [appellate] strategy." Strickland, 466 U.S. at 689. Indeed, given the other evidence of guilt, see Lau, 828 F.2d at 872-73, counsel justifiably might have determined that prevailing on the Fourth Amendment issue would have simply yielded a finding of harmless error. Moreover, counsel might well have regarded the Fourth Amendment claim as of dubious merit. We need not decide the ultimate viability of that claim in order to so conclude. It suffices to note, contrary to petitioner's suggestion, that the issue is of less than compelling merit. Petitioner points to few cases actually applying the "joint venture" exception to searches on foreign lands; instead, he mostly distinguishes cases finding it inapplicable. The doctrinal foundations in this area continue to evolve. See, e.g., 1 W. LaFave, Search and Seizure § 1.8(g), at 216-19 (1987). And the district court here, of course, ultimately found the claim meritless. To be sure, the Fourth Amendment issue here might well have been a good one. But "a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those habeas petitioners who can prove under Strickland that they have been denied a fair trial [or appeal] by the gross incompetence of their attorneys will be granted the writ...." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). We find no gross incompetence, either at trial or on appeal, on the part of petitioner's counsel.
 
 
 6
 Affirmed.